■ JEANETTE VICTOR, Plaintiff, v GENERAL INTERLEASE CORP., Appellant-Respondent; PHOENIX CANDY CO. et al., Respondents-Appellants, et al., Defendant.—In a consolidated negligence action to recover damages for personal injuries, (1) defendant General Interlease Corp. appeals from so much of an order of the Supreme Court, Kings County, dated February 8, 1977, as denied its cross motion for summary judgment and (2) defendants Super Novelty Candy Co. and Phoenix Candy Co. cross-appeal from the balance of the order, which denied their motion for partial summary judgment. Order affirmed, without costs or disbursements, on the opinion of Mr. Justice Brownstein at Special Term. Damiani, J. P., Suozzi, Shapiro and O'Connor, JJ., concur.

■ MARY WAITERS et al., Respondents, v BOARD OF EDUCATION, AMITYVILLE UNION FREE SCHOOL DISTRICT, et al., Appellants.—In an action to declare that "plaintiffs, as reading specialist teachers, shall have their tenure and seniority rights determined in the elementary tenure" area, defendants appeal from an order of the Supreme Court, Suffolk County, dated June 14, 1977, which, *inter alia,* granted plaintiffs' motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, plaintiffs' motion denied and judgment is granted in favor of defendants declaring that, in the Amityville Union Free School District, remedial reading is a special subject tenure area. The plaintiffs-respondents were employed by the appellant board as full-time reading specialists in September, 1973. They continuously held their positions through the 1973–1974 and 1974–1975 academic years. It is assumed that they possessed skills in this specialized field. At no time were they engaged in general classroom teaching. By resolution dated June 16, 1975, the board abolished the positions of reading specialist because the funding for the program under which the plaintiffs were hired (Title III of the Elementary and Secondary Education Act [US Code, tit 20, § 236 *et seq.]*) was terminated. Subsequently, due to the availability of other Federal funds for reading instruction, the plaintiffs accepted positions as part-time reading teachers for the 1975-1976 academic year. It is our opinion that the teaching of remedial reading is a traditional tenure area in the Amityville Union Free School District (see *Steele v Board of Educ.,* 40 NY2d 456, 463; *Matter of Robinson v Roosevelt Union Free School Dist.,* 57 AD2d 570). The plaintiffs were hired under a specific Federal grant to perform a specific teaching function. There was no implication that they would be equivalent to general elementary school teachers. It is also significant that, in response to the holding in *Matter of Baer v Nyquist* (34 NY2d 291), the Board of Regents chose to make the teaching of remedial reading a special tenure area (see 8 NYCRR 30.8 [a] [13]). Although such a determination is not controlling herein, it is indicative of a recognition that the subject area should be treated in this manner. Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.