■ In the Matter of TOBA NEER, Appellant, v BOARD OF EDUCATION UNION FREE SCHOOL DISTRICT No. 22, FARMINGDALE, et al., Respondents. (And a Second Title.)—In proceedings pursuant to CPLR article 78, *inter alia,* to prohibit the respondent board of education from employing any person with less seniority than petitioner as a reading teacher, the appeal is from so much of a judgment of the Supreme Court, Nassau County, entered September 8, 1977, as dismissed the petitions in both proceedings. Judgment affirmed insofar as appealed from, with one bill of $50 costs and disbursements to respondents appearing separately and filing separate briefs. The petitioner-appellant taught remedial reading in the Farmingdale Union Free School District No. 22. From 1967 through 1969 she was explicitly placed in the junior high school tenure area. In September, 1969, before completing her probationary period, she received an appointment as reading consultant for the elementary schools. The letter of appointment made it clear that petitioner was entering the elementary school tenure area with a new probationary period. Tenured status was achieved in this tenure area in 1972. Petitioner was "excessed" in June, 1976. She claims that the period of her junior high school service should have been included in determining her seniority because, as a reading specialist, she belonged to a separate vertical tenure area which transcended horizontal grade levels. It is our opinion that the teaching of remedial reading is not a traditional tenure area in the Farmingdale Union Free School District No. 22 (cf. *Steele v Board of Educ.,* 40 NY2d 456, 463; *Matter of Robinson v Roosevelt Union Free School Dist.,* 57 AD2d 570). Unlike *Robinson,* petitioner here was alerted to the fact that the school district employed horizontal tenure areas for reading teachers. Each new appointment carefully delineated the grade-level tenure area and the applicable probationary term (see *Matter of Becker v Board of Educ.,* 9 NY2d 111). The element of notice present in this case constitutes significant evidence of the traditional policy of the school district with regard to the granting of tenure to reading specialists. Any attempt by petitioner to set up a vertical tenure area runs afoul of the admonition against radical and retroactive restructuring of traditional tenure areas (see *Matter of Baer v Nyquist,* 34 NY2d 291). In holding that remedial reading is not a vertical tenure area in the case at bar, it is necessary to distinguish this case from *Waiters v Board of Educ.* (61 AD2d 1011). There, the clear intent and policy of the school district was to treat remedial reading as a separate subject area. That was evidenced by the specific Federal grant pursuant to which remedial reading teachers were hired. In the case at bar, however, as we have noted, the policy of the school district was to retain horizontal tenure areas. Petitioner's second proceeding protests the abolition, in 1977, of the reading consultant position to which she was appointed for the 1976-1977 school year. Special Term properly held that petitioner was in the special subject area of remedial reading because her appointment postdated the effective date of the new regulations of the Board of Regents (see 8 NYCRR 30.8 [a] [13]). Being the only such appointee, petitioner was the only member of the remedial reading tenure area in June, 1977 and the abolition of her position was proper (see Education Law, § 2510, subd 1). Martuscello, J. P., Rabin, Cohalan and Hawkins, JJ., concur.