46 N.Y.2d 885 (1979)
Mary Waiters et al., Appellants,
v.
Board of Education, Amityville Union Free School District, et al., Respondents.
Court of Appeals of the State of New York.
Argued January 8, 1979.
Decided February 13, 1979.
Jeffrey S. Karp and James R. Sandner for appellants.
Le Roy Van Nostrand, Jr., for respondents.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES, WACHTLER and FUCHSBERG concur in memorandum.
*886 MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court, Suffolk County, reinstated.
Plaintiffs were employed as remedial reading teachers in defendant's elementary schools through the 1973-1974 and 1974-1975 academic years. Their positions were terminated in 1975 after defendant had computed their tenure and seniority *887 rights in a special remedial reading tenure area. Plaintiffs instituted this action seeking a declaration that their tenure and seniority rights should be determined in the horizontal elementary tenure area rather than the vertical remedial reading tenure area as designated by defendant.
Certainly, defendant could have established remedial reading as an independent tenure area, distinct from the broader tenure area in which plaintiffs held their licenses (cf. 8 NYCRR 30.8 [a] [13] [eff April 1, 1976]). However, it may not purport to establish a special tenure area during periods of fiscal exigency and gauge plaintiffs' seniority and tenure rights accordingly. Rather, there must be evidence that remedial reading was traditionally treated as a separate and distinct tenure area by the board and that persons hired for the position were "sufficiently alerted to the fact that in * * * taking on the duties of [remedial reading teachers] they were entering an entirely independent tenure area" (Steele v Board of Educ., 40 N.Y.2d 456, 463).
The record in this case, however, establishes only that plaintiffs were engaged as remedial reading teachers and that until their positions were abolished, their tenure and seniority rights were computed in the horizontal elementary tenure area.[*] It is in that area in which those rights must now be determined (compare Matter of Mitchell v Board of Educ., 40 N.Y.2d 904, 905, with Matter of Neer v Board of Educ., 61 AD2d 1014). Indeed, each of plaintiffs' appointments was couched in terms indicating that seniority was to be measured in the elementary tenure area and, therefore, lacked the requisite notice necessary to apprise them that their rights were to be calculated in a special tenure area. Under these circumstances, defendant's belated attempt to set up a new vertical tenure area is incompatible with the admonition against retroactive restructuring of traditional tenure areas (see Matter of Baer v Nyquist, 34 N.Y.2d 291).
Order reversed, etc.
NOTES
[*] As was true in the courts below, the new proof submitted on the motion to reargue may not be considered on the appeal in our court.