■ LESTER LAZARUS, as Assignee for the Benefit of Creditors of Ranger Bakers, Inc., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—Appeal by defendant from an order of the Supreme Court, Queens County, dated August 30, 1978, which, *inter alia,* denied its motion for leave to amend its answer and for summary judgment. Order modified, on the law, by adding to the first decretal paragraph thereof, immediately after the words "denied in all respects", the following: "except that defendant is granted partial summary judgment dismissing plaintiff's second cause of action, sounding in breach of contract." As so modified, order affirmed, without costs or disbursements. Plaintiff commenced this action seeking to recover damages for goods sold and delivered and for breach of contract. On the instant record, there are sufficient circumstances to raise triable issues as to whether the defendant should be estopped from challenging the validity of plaintiff's letter of December 5, 1975, as constituting a viable notice of claim in compliance with section 3813 of the Education Law (cf. *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662). Although the amount demanded is not expressly stated, there is no question that the defendant had full notice of the nature of the claim as well as an

ample opportunity to investigate it (cf. *Salesian Soc. v Village of Ellenville*, 41 NY2d 521). Similarly, factual issues are presented concerning the applicability of the one-year contractual period of limitation and, if applicable, whether defendant is estopped from relying on such defense. However, these issues are pertinent only to the *first* cause of action seeking payment for goods sold and delivered. The letter of December 5, 1975 may not be construed as constituting a notice of claim for the breach of contract action and no other or different timely notice is claimed to have been filed. The timely filing of a notice of claim is a condition precedent and the failure to do so requires dismissal, even if not pleaded (cf. *Flanagan v Board of Educ.*, 47 NY2d 613). Furthermore, there is no doubt that the breach of contract action accrued no later than in December, 1975 and that the action was therefore not timely commenced within the contractual period of limitation. Accordingly, the defendant is entitled to partial summary judgment dismissing the second cause of action. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.