■ In the Matter of MARVIN L. NUSZ, Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SECOND SUPERVISORY DISTRICT, SUFFOLK COUNTY, et

al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination terminating petitioner as a teacher of trade electricity, the appeal is from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered February 19, 1982, which, *inter alia,* directed appellant Board of Cooperative Educational Services, Second Supervisory District, Suffolk County (BOCES II) to reinstate petitioner to his full-time teaching position on the ground that he had obtained tenure in the trade subjects area in 1976 and had been improperly dismissed in 1980. Judgment modified, on the law, by deleting therefrom the first decretal paragraph and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED that the petitioner obtained tenure in the respondent school district in September, 1976 in the field of trade electricity, which field included, at the time, the area of appliance repair; and it is further". As so modified, judgment affirmed, without costs or disbursements. Special Term was correct in finding that petitioner had been improperly dismissed under subdivision 2 of section 2510 of the Education Law. However, the court erred in finding that petitioner was entitled to tenure in the broad area of "trade subjects". The record shows that petitioner, hired in 1973 as an occupational teacher of electrical trades, satisfactorily fulfilled his probationary period and was awarded tenure in the area of trade electricity in 1976. Throughout his probationary period, petitioner taught appliance repair as part of his trade electricity courses. Appellants do not dispute this, and it appears that at the time petitioner received tenure in trade electricity, appliance repair was considered to be part of that tenure area. Petitioner was, therefore, improperly dismissed since he was senior to appellant Meinhold, who was hired to teach appliance repair in 1979. Although BOCES II may be empowered to create a new tenure area for appliance repair (see 8 NYCRR 30.8 [c]), this may only be done prospectively and cannot alter petitioner's tenure rights (see *Matter of Baer v Nyquist,* 34 NY2d 291; *Steele v Board of Educ.,* 40 NY2d 456, 463; *Matter of Bellarosa,* 20 Ed Dept Rep 252, 255). Damiani, J. P., Mangano, Thompson and O'Connor, JJ., concur.