■ In the Matter of MARK KATZ, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered December 1, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education ordering respondent Board of Education, Community School District No. 18, Brooklyn, New York, to terminate petitioner's employment. This CPLR article 78 proceeding seeks to review the determination of respondent Commissioner of Education which concluded that petitioner's conduct as a sixth grade schoolteacher was intolerable behavior on the part of a teacher, unbecoming a teacher, and warranted a finding that he was unfit to teach. Special Term dismissed the petition, finding support for the determination in the record, and finding further that the penalty imposed was not disproportionate to the offense. We agree and affirm. Notwithstanding the fact that the testimony of four pupil witnesses who complained of sexual offenses might very well have been inconsistent and uncorroborated, those acts and patterns of classroom demeanor to which petitioner admitted, standing alone, constitute more than sufficient evidence to sustain the commissioner's determination that petitioner was unfit to teach. Petitioner admitted he put his arm around and kissed the girls in his class; that he gave them a "pat on the behind"; that he hugged one student and tickled another; and that he permitted obscene jokes and profanity to be spoken in his classroom. Since the commissioner's broad authority of review within the educational system will not be overturned unless it is arbitrary, capricious or without support in the record (*Matter of Shurgin v Ambach,* 56 NY2d 700, 702), Special Term cannot be said to have erred in dismissing the petition upon the evidence in this record. To be emphasized is the power of the commissioner to substitute his own judgment for that of a hearing panel even where the challenged determination of a local authority has a rational basis (*Matter of McNamara v Commissioner of Educ.,* 80 AD2d 660), and to substitute his judgment of the proper penalty for that of the hearing panel whose action he is reviewing (*Matter of Levyn v Ambach,* 56 NY2d 912, 914; *Matter of Shurgin v Ambach, supra*). We do not find the penalty of dismissal to be "shocking to one's sense of fairness" or to the conscience of the court (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 234) in view of the potentially harmful effect upon the young minds entrusted to a teacher's care (*Matter of Nino v Yonkers City School Dist.,* 43 NY2d 865, 866). Finally, although not raised at Special Term

and thus not subject to review in this court (*Matter of Shurgin v Ambach, supra*), petitioner's claim that he was deprived of due process under both the United States and New York State Constitutions because of lack of adequate notice of the charges against him is without merit. We have examined the charges and find them to have been clear and sufficient to enable petitioner to prepare a proper defense (*Matter of Jerry v Board of Educ.*, 50 AD2d 149, app dsmd 39 NY2d 1057). Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.