OPINION OF THE COURT
 

 Simons, J.
 

 On August 1, 1972, petitioner Roger A. Bell was appointed by the Vestal Board of Education as principal of the district’s only high school. On October 28, 1977, upon the recommendation of respondent Superintendent of Schools, he was granted tenure. The minutes of the board meetings at which petitioner was appointed and tenured refer to his title respectively as “high school principal” and “senior high school principal.” Subsequently, by a resolution adopted July 25, 1978 and revised July 22, 1980 the board determined that the following administrative tenure areas existed in the school district: principal, assistant principal, co-ordinator, psychologist, assistant superintendent and personnel director. Contending that petitioner’s tenure area is “principal”, respondents transferred him to the position of junior high school principal effective Febru
 
 *151
 
 ary 1, 1982, and the person occupying that position, respondent Albert J. Guzzi, was transferred to petitioner’s position as high school principal.
 
 *
 
 Petitioner opposed the transfer and commenced a CPLR article 78 proceeding, seeking a judgment declaring that his tenure area is senior high school principal and an order reassigning him to his former position. The board and Guzzi cross-moved raising affirmative defenses of untimeliness, joinder of necessary parties, and failure to exhaust administrative remedies.
 

 Special Term rejected each of the affirmative defenses. Upon reaching the merits it concluded that the transfer of petitioner to the junior high school was not arbitrary, capricious or contrary to law and it dismissed the petition. The Appellate Division agreed with Special Term’s disposition of the affirmative defenses but unanimously reversed on the merits and ordered petitioner’s reinstatement. Its order should be reversed and the judgment of Special Term reinstated.
 

 The issue is whether the earlier designation of petitioner in the board’s minutes as senior high school principal coupled with the contemporaneous appointment of another individual as “elementary school principal” is sufficient evidence to establish a separate tenure area. If it was, petitioner could not be transferred out of that tenure area without consent, nor could the board retroactively apply the restructuring of tenure areas adopted in 1978 and 1980 to him (see
 
 Matter of Baer v Nyquist,
 
 34 NY2d 291, 294). The Appellate Division believed that there was sufficient evidence to establish a separate tenure area of senior high school principal and accordingly found a violation of petitioner’s tenure rights.
 

 There are no clearly defined guidelines for determining the scope of administrative and supervisory tenure areas as there are for teacher tenure classifications (see 8 NYCRR part 30). However, a board of education may establish a tenure area for some or all of its administrative employees
 
 (Matter of Durso,
 
 19 Ed Dept Rep 72;
 
 Matter of Roloff,
 
 16 Ed Dept Rep 274) and principal is a general tenure area recognized by the State Education Department
 
 *152
 
 (see
 
 Matter of Peterson,
 
 18 Ed Dept Rep 494). It was properly adopted by the board’s actions in 1978 and 1980.
 

 Inasmuch as petitioner seeks the benefit of a specific tenure area independent of those subsequently established by the board, he bears the burden of proving its existence (see
 
 Matter of Peterson,
 
 18 Ed Dept Rep 494, 496,
 
 supra).
 
 He does not satisfy that burden solely by evidence that the board minutes of his appointment and grant of tenure described the school to which he was assigned. Petitioner has submitted evidence which indicates several reasons why separate tenure areas might be desirable for schools of different grade levels but that evidence does not support his contention that respondents recognized or accepted those considerations and consciously decided to create separate tenure areas for principals in its district. The board may establish narrow, specific tenure areas, such as high school principal, but it should do so by design and not be bound by descriptive terms used inadvertently in the minutes of petitioner’s appointment and grant of tenure.
 

 Our decision is consistent with the view of the Commissioner of Education that references in board minutes to a title such as senior high school principal do not create a tenure area (see
 
 Matter of Durso,
 
 19 Ed Dept Rep 72,
 
 supra; Matter of Peterson,
 
 18 Ed Dept Rep 494,
 
 supra);
 
 they merely identify an individual’s title and the school to which he or she has been assigned. His view rests upon an apparent effort to encourage the adoption of tenure areas modeled on those promulgated by the Education Department and to limit claims of separate tenure areas acquired inadvertently without board approval.
 

 Because petitioner relied exclusively upon the designations in the board minutes, and the record contains no other evidence that the board adopted specific rather than the general tenure areas recognized by the commissioner, petitioner has failed to meet his burden of proof.
 

 Accordingly, the order of the Appellate Division should be reversed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
 

 
 *153
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and the judgment of Supreme Court, Broome County, dismissing the petition reinstated.
 

 *
 

 Petitioner is certified by the Commissioner of Education as both a junior high school and senior high school principal.