■ In the Matter of CHARLES ZUBAL, Respondent, v GORDON M. AMBACH, as Commissioner of Education, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered June 13, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education regarding his employment as a teacher in the Niskayuna Central School District. ¶ This CPLR article 78 proceeding seeks annulment of a determination of the Niskayuna Central School District, which was affirmed by respondent, terminating petitioner as a teacher. Petitioner, first employed September 1, 1965, was granted tenure September 1, 1968 as a teacher of driver education. He continued teaching this subject until September 1, 1974 when the position was abolished. He then taught physical education until the end of the 1977-1978 school year, when he was told he would be terminated because the position he held as the least tenured physical education teacher was being abolished. He was nevertheless continued as a substitute teacher until June 30, 1981, at which time that position was also abolished. This prompted petitioner's appeal to respondent in which he contended that teachers with less seniority had been retained. After ordering the two other teachers joined as parties, respondent dismissed the appeal. The basis for the dismissal was

respondent's conclusion that when petitioner was assigned to teach physical education in 1974, he entered a new special tenure area causing him to have less seniority than the other teachers. Special Term granted petitioner's CPLR article 78 petition, annulled the determination and ordered that petitioner's seniority and tenure rights be computed from the date he first commenced employment with the district and that he be granted salary and benefits due him since September 1, 1981. Respondent has appealed. ¶ The judgment granting the petition should be affirmed. Initially, we recognize that judicial review of respondent's determinations is limited. While under former section 310 of the Education Law those decisions were "final and conclusive, and not subject to question or review in any place or court whatever", the Legislature withdrew that apparent inviolacy in 1976 and broadened the scope of judicial review (L 1976, ch 857, § 1). Accordingly, our inquiry on this appeal is whether Special Term correctly held the determination to have been arbitrary and capricious, i.e., whether the decision was without any rational basis (CPLR 7803, subd 3; *Matter of Chauvel v Nyquist,* 43 NY2d 48, 52; see *Matter of Gundrum v Ambach,* 55 NY2d 872, 873; *Matter of Strongin v Nyquist,* 44 NY2d 943, cert den 440 US 901; *Matter of Katz v Ambach,* 99 AD2d 897) or support in the record (*Matter of Shurgin v Ambach,* 56 NY2d 700, 702). ¶ Our examination of this record leads to the conclusion that there is no evidence to support the finding that the Niskayuna Central School District traditionally treated physical education as a tenure area separate from driver education. The regulations which specifically establish driver education and physical education as separate and distinct special subject tenure areas (8 NYCRR 30.8 [a] [3], [12]) are effective only to appointments made after August 1, 1975 (8 NYCRR 30.2 [a]). Nevertheless, our courts have recognized separate special tenure areas in cases where appointments predated the regulation (*Matter of Mitchell v Board of Educ.,* 40 NY2d 904 [driver education]; *Matter of Baer v Nyquist,* 34 NY2d 291, 294 [physical education]). Thus, the issue is not whether the school district could have created the separate tenure areas, but rather, whether there is evidence in this record from which respondent could find that such separate special tenure areas had in fact been created. We think not. ¶ To find the establishment of such separate tenure areas, there must be evidence that the two subjects had traditionally been treated as separate and distinct by the school district, and that teachers employed (or transferred) were sufficiently alerted to the fact they were entering an entirely separate and independent tenure area (*Waiters v Board of Educ.,* 46 NY2d 885, 887; *Steele v Board of Educ.,* 40 NY2d 456, 463). The evidence before respondent was to the contrary, there being no indication that the two areas were ever considered separate and distinct. Instead, teachers were freely interchanged between driver education and physical education and some taught both simultaneously. Moreover, petitioner's immediate superior specifically stated in a letter to petitioner that there would be no change in his tenure status at the time he was assigned to teach physical education due to the abolishment of his position as a tenured driver education teacher. Nor was he placed upon a probationary period in his new position, as would have been required. Three years later, in another letter to petitioner dated March 28, 1977, the superintendent of the school district confirmed the assignment and assurance that there had been no loss in tenure status. While this letter also stated that the courts might hold differently in the event of a challenge, there is no evidence that the school district had established separate and distinct tenure areas. It was not until a letter from its counsel dated May 25, 1978 that the school district, for the first time, took the position that petitioner was tenured in a separate area and that driver education and physical education were separate tenure areas. Counsel provided no evidence or basis for this conclusion, other than to state reliance

upon the then recent case of *Matter of Mitchell v Board of Educ.* (40 NY2d 904, *supra*) as holding that driver education was a separate tenure area. ¶ There is a vast difference between the instant matter and the facts in *Mitchell,* where the board of education had published and maintained its own "Senior High Tenure Area List" (*id.,* at p 905), or the facts in *Steele v Board of Educ.* (40 NY2d 456, *supra*), where a number of factors taken together compelled the determination that the teachers were sufficiently alerted to the fact that in leaving their classrooms to take on the duties of guidance counselors, they were entering an entirely independent tenure area in which their previous teaching experience would not be relevant in determining seniority. This record contains no references in previous minutes of the school board to indicate that separate tenure areas had been established (see *Matter of Bell v Board of Educ.,* 61 NY2d 149, 152). To the contrary, everything led petitioner to believe that he remained in his own tenure area with his seniority preserved. Absent any support in the record, Special Term correctly held respondent's determination to have been arbitrary and capricious. ¶ Finally, we reject respondent's argument that the proceeding should have been dismissed for failure to have joined two less senior physical education teachers and the school district as necessary parties. The school district has misapprehended petitioner's proper tenure area and has yet to determine his relative seniority in comparison with teachers in the same tenure area. Therefore, joinder of such teachers would be premature (*Matter of McNamara v Board of Educ.,* 54 AD2d 467, 475-476). While it would have been better practice to have made the school district a party (CPLR 1001, subd [a]), the failure to have done so may be excused under CPLR 1001 (subd [b]) in the interest of justice (see *Matter of Sandor v Nyquist,* 45 AD2d 122), particularly in the absence of any showing of prejudice. ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.