■ In the Matter of GLENDA CONNELL, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF UTICA, Respondent. (Appeal No. 1.) — Judgment unanimously reversed, with costs, and petition granted. Memorandum: Petitioner appeals from an order and judgment dismissing her CPLR article 78 proceeding seeking reinstatement to her former position as guidance counselor. She asserts that Trial Term erred in holding that she was not an employee of the school district and thus could be discharged without consideration of any tenure rights (see Education Law, §§ 2510, 3012). We agree and hold that petitioner is entitled to reinstatement and may be terminated only in a manner consistent with her rights under section 2510 of the Education Law. From 1973 to 1981 (when the facility closed and her services were terminated) petitioner worked in the Career Development Center (CDC), funded under the Comprehensive Employment and Training Act of 1973 ([CETA], US Code, tit 29, § 801 *et seq.*), through Oneida County and maintained through yearly contracts whereby the school district agreed to provide and administer educational and employment-related programs and the county retained control over course content and budgetary decisions. Petitioner was supervised by the school district's head counselor and enrolled in the New York State Teachers' Retirement System as an employee of the Board of Education. Her responsibilities, consisting of counseling in education, employment and personal matters, were virtually identical to those performed by other guidance counselors employed by the district in the established tenure area of guidance counseling. That her position was financed primarily by Federal grant is not determinative of whether she is entitled to protection under the tenure statutes (see *Matter of Feinerman v Board of Coop. Educational Servs.*, 48 NY2d 491; *Matter of Board of Educ. v Nyquist*, 45 NY2d 975, revg on dissenting opn below 59 AD2d 76, 79), nor is the fact that she was never formally appointed to her position by the school district (see *Ricca v Board of Educ.*, 47 NY2d 385; *Matter of Board of Educ. v Nyquist, supra*). The record does not support respondent's contention that a unique tenure area for postsecondary guidance counseling was established by the district and that petitioner was informed thereof (see *Matter of Bell v Board of Educ.*, 61 NY2d 149); nor do we find a basis in the record for a determination that she knowingly waived her right to tenure (see *Matter of Feinerman v Board of Coop. Educational Servs., supra*). While

we need not reach the issue we note that the court erred in removing petitioner's attorney on the basis that he was the general counsel for New York State United Teachers (cf. *Matter of Jacobs v Board of Educ.*, 64 AD2d 148, app dsmd 46 NY2d 1075). (Appeal from judgment of Supreme Court, Oneida County, Tenney, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.