OPINION OF THE COURT
Joseph J. Sedita, J.
This matter challenges the dismissal of the petitioner teacher by the respondent School Board. He was dismissed after his position was eliminated by the School Board. Although petitioner had tenure within the school district and had over 12 years’ seniority in the system, the school district determined that his position was a separate tenure area in which he was the only member. The school district argues that the seniority protections afforded by Education Law § 2510 were not violated because petitioner was the only person in his tenure area. Petitioner also argues that a position similar to his position was created and that he should have been appointed to this new position pursuant to the requirements of Education Law § 2510.
Petitioner commenced his employment with this school district in September of 1972. He was assigned to a position entitled "Vocational Industrial Cooperative Program Coordi *284 nator” (VICP). The title of that position was later changed to "Diversified Trade and Industrial Training Program Coordinator” (DTIT) without any substantial change in job duties. Petitioner has been certified to teach industrial arts, mechanical drawing, mathematics, and coordinator of Diversified Cooperative Work Study Programs.
On May 19, 1975 the Board of Education awarded the petitioner tenure by resolution. Said resolution listed his appointment under the "Senior High School” area and not under an area entitled "Specials”. In addition to teaching as a work-study coordinator, he also served as a mathematics teacher for several years.
The primary issue before this court is whether or not the School Board has complied with the requirements of Education Law § 2510. However, we must first deal with two procedural issues before we reach the merits of petitioner’s claims.
The first procedural claim is that this matter should be dismissed for failure to join necessary parties pursuant to CPLR 1001. Respondent claims that the teacher or teachers who might be "bumped” if the petitioner is reinstated will be directly affected by this proceeding and ought to be joined in this lawsuit. This issue was specifically dealt with by the Fourth Department in the case of Matter of McNamara v Board of Educ. (54 AD2d 467 [1976]). The Fourth Department utilized a highly practical approach to this issue noting that the exact teacher or teachers affected could be best determined after it was determined what tenure category was proper under the law. Tenure category and rights within that category were viewed as separate determinations. (See also, Matter of Zubal v Ambach, 103 AD2d 927 [1984].) We are in accord with this approach and additionally note that both sides of the issues raised herein have been aggressively and thoroughly represented in the pleadings, briefs, and oral arguments before the court. We perceive no potential injustice resulting from poor representation of one legal perspective or position.
The second procedural issue is an application to dismiss petitioner’s second cause of action for failure to set forth that claim in his notice to the school district as required by Education Law § 3813. Petitioner’s notice to the school district failed to specify the specific nature of his claims under this second cause of action. He has failed to meet the requirements of the law with regard to his second cause of action and *285 therefore the application to dismiss this second cause of action should be granted. (See, Parochial Bus Sys. v Board of Educ., 60 NY2d 539 [1983]; Lazarus v Board of Educ., 73 AD2d 662; Panzeca, Inc. v Board of Educ., 29 NY2d 508.) Said dismissal is without prejudice. (See, Education Law § 3813 [2-a].)
The resolution of these procedural issues brings us to the primary substantial issue facing this court. Both parties have submitted substantial pleadings, affidavits and briefs. Neither party has requested a hearing on this matter. The statutory and case law under our fact pattern are helpful but do not resolve this case via a simple comparison of law and facts to see where our case "fits”.
Education Law § 2510 (2) is located in the article applicable to city school districts. However, it has been consistently applied to other types of districts. (See, Matter of Baron v Mackreth, 30 AD2d 810, affd 26 NY2d 1039; Dreyfuss v Board of Educ., 72 Misc 2d 703, revd on other grounds 42 AD2d 845.) This statute states in part: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.”
This section reflects a strong public policy favoring the protection of seniority rights of teachers. This statute directs the protection of seniority rights "within the tenure of the position abolished” but the statute does not define tenure area. In the landmark decision of Matter of Baer v Nyquist (34 NY2d 291, 299 [1974]), the Court of Appeals determined that the number and scope of tenure areas had to be determined by the Legislature or Board of Regents, rather than by the school district. Two years after Matter of Baer the Court of Appeals began to "flesh out” procedural rights incident to tenure area determinations in the case of Steele v Board of Educ. (40 NY2d 456 [1976]). In Steele the court held that the application of seniority rights within a "special tenure area” could only be enforced if it was demonstrated that the Board of Education had, in fact, established such a special tenure area, and that the teacher or teachers involved had been sufficiently alerted to this fact.
This two-pronged test gives necessary teeth to the public policy reflected in the statute. As tenure areas narrow, seniority rights become less meaningful. As tenure areas broaden, seniority rights take on greater significance for a teacher concerned about job security.
*286 Our case carries this point to the ultimate extreme. If a teacher’s tenure area contains only himself, then seniority rights become meaningless. A teacher with 30 years’ service in a single teacher tenure area could have less job security than a relatively newcomer with two years’ service in a broader tenure area. If such a special tenure area was clearly established and knowingly entered by any such teacher, it could be said that he "assumed the risk” of minimal seniority protection if the position was abolished. If the establishment of such a special tenure area was not made clear or communicated to the teacher, the potential for injustice is obvious.
The dangers are greatest where it is asserted that a single position is coterminous with a tenure area. We find it illogical to conclude that being informed of the title of one’s teaching assignment somehow also informs one that this is also the title of a special tenure area. Logic and fundamental fairness require something more.
After over 12 years’ service with this school system, the petitioner was informed that his special tenure area and position were being abolished. Nowhere in the information before us can we find a time when this alleged "special tenure area” was clearly established as a separate tenure area. Nowhere can we find a clear notice to the petitioner, either before or during the over 12 years he served this school district, that his position was also a special tenure area and that his seniority would therefore have no effect if his position was abolished.
It is our considered opinion that the basic guidelines established by the Court of Appeals in Steele (supra) have not been met by this school district. Where substantial rights are affected, more is required than a patchwork of suggestive actions which may or may not be interpreted by the affected teachers in the same way as the School Board. (See, Matter of Smith, 17 Ed Dept Rep 79, petition to annul dismissed sub nom. Board of Educ. v Ambach, Sup Ct, Albany County, Mar. 13, 1978, Conway, J., affd 69 AD2d 949; Matter of Durso, 19 Ed Dept Rep 72; Matter of Zubal v Ambach, supra.)
Accordingly, it is our considered opinion that no special tenure area was clearly created for his former position nor for the new position the School Board has created. These positions must therefore fall within the general secondary area of tenure. This matter should be referred back to the respondent for a redetermination of the petitioner’s employment situation *287 as a tenured teacher within the general secondary area. Assuming he is not the least senior teacher in this area, he should, of course, be reinstated with retroactive pay and benefits to the date of his discharge.