OPINION OF THE COURT
Francis A. Affronti, J.
In these separate CPLR article 78 proceedings, which have been combined for purposes of this decision, the petitioners challenge the termination of their previous employment as administrators by the Rochester City School District, precipitated by a fiscal crisis, as violative of their tenure rights afforded under Education Law § 2585 (3). The statutory mandate relied upon in support thereof, states as follows: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.”
The respondent argues that the petitioners were properly removed or excised as administrators, effective February 1, 1992, because they were, at the time, the least senior persons in separate tenure areas, within the broad classification of "Administrative Specialist”.
These disputes focus primarily upon the common legal issue of whether the petitioners were properly placed in separate tenure areas, with each case likewise presenting similar factual scenarios. Both employees are currently serving as teachers in the City School District, and by these actions, they seek reinstatement and reimbursement of all lost salary and benefits accruing since their discharge.
Mr. Kilmer was appointed an "Administrative Specialist” on April 17, 1978, after serving as a Teacher on Special Administrative Assignment, as contrasted to Ms. Reid, who commenced her duties as an "Administrative Specialist” on February 25, 1983. Mr. Kilmer affirms that he was never notified of any change in position, or that he was the sole person in that specific tenure area, and that his seniority as an "Administrative Specialist” had changed. He and Ms. Reid, by letter dated January 24, 1992, were advised that their jobs would terminate on February 1, 1992 because they were the least senior in their respective categories, despite, according to them, other less tenured individuals being retained by the District, whose names appear on the seniority list prepared by the respondent.
The Board acknowledges that in 1978, Mr. Kilmer was *651 appointed an "Administrative Specialist”, after serving as a Teacher on Special Administrative Assignment. It likewise admits that Ms. Reid served as "Administrative Specialist”, beginning as a Program Evaluator in 1983, a position she held until late 1988, when she was appointed "Administrative Specialist”, Grants Analyst, until her removal. Interestingly, the seniority list promulgated by respondent is proposed by the latter as having been erroneously drafted, without further explanation offered for that opinion. According to the Board, on November 3, 1988, Ms. Reid applied for and was appointed to the new post of "Administrative Specialist”, Grants Analyst, at which time she commenced a three-year probationary period. The exhibits support the argument that Ms. Reid did indeed apply for that job on or about September 28, 1988, and that it represented a promotion from her former title as an "Evaluator”. By letter of November 16, 1988, the Board advised Ms. Reid of her appointment, and that she would "begin a new three-year probationary period of service” and that "fujpon satisfactory completion of the three-year probationary period of service, you will be granted tenure” (emphasis added). That notification also stated that petitioner’s "seniority date will be November 7,1988.”
Mr. Kilmer accepted assignment as an administrator in the Association of Supervisors and Administrators of Rochester (ASAR), the employee negotiating unit, as reflected in the School District "option selection” notification. As stated therein, and as acknowledged by Mr. Kilmer in writing on September 11, 1984, he admits to being an "incumbent” (emphasis added) in the category of Teacher on Special Administrative Assignment. The only conclusion that can be drawn from the writing, therefore, is that petitioner was merely reaffirming his continued retention or incumbency in his administrative position as an Evaluator, and was not, in any manner, acquiescing to placement in a separate subcategory or tenure area. (See, Matter of Bali v Board of Educ., 68 AD2d 360, 365.)
The affidavits of Edward P. Delaney, Director of respondent’s Department of Human Resources, detail his familiarity with the petitioners’ personnel records, and his knowledge of the seniority and tenure list of all teachers and administrative personnel. He relates that, as a result of a July 30, 1984 arbitration award between ASAR and the School District, "teachers who were on Administrative Assignment * * * were given the option of being placed in the Respondent’s Adminis *652 trative Bargaining Unit.” Further, he states that the former title of Teacher on Administrative Assignment would be established in the ASAR bargaining unit as "Administrative Specialist”, but within that title, a number of separate tenure areas could exist. Additionally, according to respondent, the positions established in the aforesaid separate areas under the title of "Administrative Specialist” were not "interchangeable”, and that regardless of such an all-encompassing title, employees are assigned to subtitled tenure areas under that generic heading. Following this background, therefore, the respondent proffers that each of the individuals named on the seniority list held superior tenure rights than the petitioners at the time of discharge.
Ms. Reid fosters the opinion that her duties both as an "Administrative Specialist”, Program Evaluator; in 1983, and later as Administrative Specialist, Grants Analyst, beginning in 1988, up to her termination in early 1992, were substantially similar in nature, involving primarily the evaluation and effectiveness of school programs. She emphasizes that the two categories were so interwoven and overlapping that they demanded almost identical skills, to the extent that more than half of the activities she performed in her recent position paralleled those of the former. As such, she insists that no change in her tenure area ever occurred and that she continued uninterrupted as an "Administrative Specialist” at the time the personnel reduction was mandated.
According to the Executive Director of ASAR, the referred-to arbitration award did not create "fractionalized tenure areas”, but instead, established the tenure area of "Teachers on Administrative Assignment”, later known as "Administrative Specialists”. Following the implementation of the arbitration award, Mr. Valvano admits to discussions between ASAR and respondent, regarding the placement of employees in "sub-groups within the broad tenure area of " 'Administrative Specialist’ ”. However, he underscores that "separate tenure areas” were never developed, nor was any formal written agreement effectuating such placement ever executed. Thus, Mr. Kilmer maintains that he began his "Administrative Specialist” service in 1978, and that his tenure cannot be retroactively eliminated without his consent. In support of Ms. Reid as well, ASAR repeats her protestations that her duties never substantially changed, and that her seniority encompassed nine years at the time of her discharge.
While Education Law § 2585 (3) applies to both school *653 administrators and teachers alike, and although case precedent unquestionably empowers boards of education to "establish a tenure area for some or all of its administrative employees,” there are "no clearly defined guidelines for determining the scope of administrative and supervisory tenure areas,” as exist for teacher classifications. (Matter of Bell v Board of Educ., 61 NY2d 149, 151, citing 8 NYCRR part 30; see also, Greenspan v Dutchess County Bd. of Coop. Educ. Servs., 96 AD2d 1028; Matter of Durso, 19 Ed Dept Rep 72; and Matter of Roloff, 16 Ed Dept Rep 274.) To establish that the petitioners belonged in the tenure areas claimed by the Board, it must be adequately demonstrated that at the time of their appointments, the two categories had "traditionally been treated separately” by the District, and that Mr. Kilmer and Ms. Reid were "sufficiently alerted to the fact [that] they were entering * * * entirely separate and independent” areas, apart from that of "Administrative Specialist”. (See, Matter of Zubal v Ambach, 103 AD2d 927, 928, citing Waiters v Board of Educ., 46 NY2d 885; and Steele v Board of Educ., 40 NY2d 456.) Tenure areas are fixed at the time a person is appointed to a position, and even in times of fiscal crisis, special tenure areas cannot be applied retroactively. (See, Waiters v Board of Educ., supra; Steele v Board of Educ., supra; Matter of Zappulla, 25 Ed Dept Rep 54.)
Upon the totality of the evidence presented, the Board’s action fails to support a determination that, upon his hiring as an administrator, Mr. Kilmer was either apprised that his tenure area would be "Administrative Specialist”, Evaluation (student data, testing, and records), or that he acquiesced to placement within a new tenure area. (See, Matter of Connell v Board of Educ., 106 AD2d 866; Matter of Boyer v Board of Educ., 132 Misc 2d 282.) Further, the evidence is lacking to conclude that, as to him, separate areas had previously been created within his general category of "Administrative Specialist”. The Board "may not purport to establish a special tenure area during periods of fiscal exigency” and gouge tenure rights accordingly; rather, there must be proof that the position was traditionally treated separately and "that persons hired for the position were '* * * alerted’ ” to their entry into an " 'entirely independent tenure area’ ”. (See, Waiters v Board of Educ., supra, at 887; Steele v Board of Educ., supra.) Mr. Kilmer’s new appointment was "couched” in terms indicative that his seniority was to be "measured” by the tenure area of "Administrative Specialist”, and accord *654 ingly he lacked the necessary notice to apprise him that his "rights were to be calculated in a special tenure area.” (See, Waiters v Board of Educ., supra, at 887, citing Matter of Baer v Nyquist, 34 NY2d 291.) The respondents attempt, therefore, to set up a "new vertical tenure area” was "incompatible with the admonition against retroactive restructuring”. (See, Waiters v Board of Educ., supra.)
Therefore, Mr. Kilmer’s petition is granted following this court’s conclusion that the respondent’s conduct violated his tenure rights, contrary to Education Law §2585 (3). Accordingly, he is entitled to be reinstated to his former position forthwith, without loss of seniority and tenure, effective February 1, 1992, and he shall further be reimbursed all accrued salary and benefits since that date.
With reference to Ms. Reid, although the respondent does not dispute the claim that her duties as Grants Analyst were largely the same as those performed in her previous administrative post, her contention that, as a result thereof, she never entered a new tenure area, is wholly without merit. The cited legal authority to support her belief merely allows for the application of the 50% rule in determining whether an employee should be classified in either the administrative or teacher tenure area. (See, Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist., 92 AD2d 1052; Matter of Bernreuther, 9 Ed Dept Rep 69; see also, Matter of Engelson, 7 Ed Dept Rep 144.) It is uncontroverted that Ms. Reid’s tenure area is that of "administrator”, but the crucial issue centers upon whether she was properly placed in a distinct or special area within that broad or general category. As already emphasized, the record amply establishes that she specifically applied for another position, and was, in fact, "sufficiently alerted” that by taking on the duties of Grants Analyst she had entered an independent and separate tenure area, with a new probationary term, apart from that of "Administrative Specialist”. (See, Wild v Board of Educ., 166 AD2d 901; Matter of Herendeen v Board of Educ., 73 AD2d 817.) Therefore, any determination as to whether Ms. Reid entered a new tenure shall not be based upon a consideration of the time expended in performing various administrative functions. (Cf., Matter of Coates v Ambach, 52 AD2d 261, 263.)
Upon the above, Ms. Reid’s petition has not been sustained, and accordingly, it is dismissed.