◼ In the Matter of DOROTHY DEMO et al., Appellants, v SACHEM CENTRAL SCHOOL DISTRICT AT HOLBROOK et al., Respondents. [638 NYS2d 715] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to reinstate the appellants to their former teaching positions, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated August 10, 1994, which determined, after a hearing, that remedial reading was not a special tenure area prior to August 1, 1975, and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioners, elementary school teachers tenured in the specialized area of remedial reading, were laid off from their positions in June 1992 and replaced by more senior teachers who held general elementary tenure. In this proceeding pursuant to CPLR article 78, the petitioners sought, inter alia, reinstatement to their positions, claiming that, in excessing them and appointing elementary school teachers to their positions, the respondents acted in violation of Education Law § 2510.

The Supreme Court held a hearing at which it heard

testimony and considered documentary evidence proffered by both sides. The court determined that prior to August 1, 1975, remedial reading was not a special tenure area but was rather included in the general elementary tenure area. As a result, the court held that the tenure of the more senior teachers included remedial reading, and that those teachers therefore were senior to the petitioners and were properly appointed to the positions in issue. The court therefore dismissed the petition. We affirm.

The petitioners, as the parties seeking the benefit of a specific narrow tenure area, bore the burden of demonstrating that it was the "clear intent and policy" of the District to treat remedial reading as a separate subject area prior to August 1, 1975 *(see, Bell v Board of Educ.,* 61 NY2d 149; *Matter of Neer v Board of Educ.,* 61 AD2d 1014).

The evidence presented at the hearing raised a sharp dispute as to whether the respondents considered remedial reading to be included in the general elementary tenure area prior to August 1, 1975. Although some of the evidence did tend to support the petitioners' position, the respondents disputed the probative value of that evidence and the court indicated that it found the respondents' evidence more credible. The hearing court's assessment of the credibility and veracity of the witnesses was within its discretion *(see, Roberts v Fulmer,* 301 NY 277). We conclude, therefore, that the petitioners' evidence did not rise to the level of showing a "clear intent and policy" on the respondents' part to treat remedial reading as a separate tenure area prior to August 1, 1975.

We have examined the petitioners' other contentions and find them to be without merit. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.