■ In the Matter of CALVERT E. SCHLICK, JR., Respondent, v BOARD OF EDUCATION OF MAMARONECK UNION FREE SCHOOL DISTRICT et al., Appellants, and BETSEY HARDEMAN, Respondent. [642 NYS2d 64] —In a proceeding pursuant to CPLR article 78 to compel the reinstatement of the petitioner to his former position as a school administrator, the appeal is from a judgment of the Supreme Court, Westchester County (Lange, J.), entered December 23, 1994, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner, the tenured Assistant Superintendent of Schools for Instructional Services in the Mamaroneck Union Free School District, was discharged from his employment at the end of June 1994 when his position was eliminated for budgetary reasons. In this proceeding pursuant to CPLR article 78, he sought, *inter alia,* reinstatement, claiming that under Education Law § 2510 he had seniority rights over the respondent Betsey Hardeman, who occupied the separate position of Assistant Superintendent of Schools for Personnel and Administration at the time the petitioner's position was eliminated.

The Supreme Court granted the petition and directed that the petitioner be reinstated. Hardeman's position, which entailed supervision of the district's personnel matters, had been created almost two years after the petitioner's original appointment but before the petitioner received formal tenure. From the time of his original appointment in 1966 until the creation by the appellant Board of Education of the Mamaron-

eck Union Free School District (hereinafter the Board) of a position in 1968 entitled Administrative Assistant for Personnel—a position Hardeman took over many years later—the petitioner had been responsible for all of the district's personnel matters. After the creation of this position, the petitioner continued to perform limited personnel-related duties. Based on these facts, the court held that the petitioner's position and Hardeman's position were within the same tenure area, and that therefore, under Education Law § 2510 (2), Hardeman, who was junior to the petitioner within the district by approximately 24 years, should have been discharged first. We agree.

The area in which an administrative employee receives tenure status is the area in which the original probationary appointment was made (*see, Matter of Cole v Board of Educ.*, 90 AD2d 419, 425, *affd* 60 NY2d 941). It is undisputed that the petitioner was originally appointed to a position which entailed both curriculum and personnel duties. Although the Board subsequently created a new position limited to personnel duties and transferred some of the petitioner's duties to that new position, the creation of the new position, with more limited tenure rights, could not operate retroactively to impair the petitioner's existing rights (*see, Matter of Bell v Board of Educ.*, 61 NY2d 149, 151; *Matter of Nusz v Board of Coop. Educ. Servs.*, 92 AD2d 896, 897).

Since the petitioner's tenure area included personnel matters, the plain terms of Education Law § 2510 (2) compel the conclusion that Hardeman, who had less seniority within the personnel tenure area, should have been discharged from her employment.

We have considered the appellants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.