■ In the Matter of MORRIS ADRIAN, Petitioner, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent which, after a hearing, sustained the charge that the petitioner was guilty of conduct unbecoming a teacher and/or neglect of duty, and imposed a penalty of suspension without pay from December 1, 1976 through June 30, 1977 and a fine of seven days' pay. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom the penalties imposed. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remanded to the respondent board of education for the purpose of imposing an appropriate punishment. We confirm the finding that the petitioner was guilty of misconduct and/or neglect of duty. We cannot say on this record that the finding "is unsupported by proof sufficient to satisfy a reasonable man, of all the facts necessary to be proved in order to authorize the determination" (see *Matter of Weber v Town of Cheektowaga,* 284 NY 377, 380; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231-232). To a great degree, the issue was one of credibility, and an appellate court cannot substitute its judgment for the determination of the respondent (see *People ex rel. Guiney v Valentine,* 274 NY 331, 335). However, we are of the opinion that the respondent cannot impose as punishment both a suspension and fine. Subdivision 4 of section 3020-a of the Education Law prescribes that the penalty "shall consist of a reprimand, a fine, suspension for a fixed time without pay or dismissal." As a penal statute, its language must be strictly construed (see McKinney's Cons Laws of NY, Book 1, Statutes, § 271, p 428), and in favor of the person against whom the penalty is sought to be enforced (see *President, etc., Manhattan Co. v Kaldenberg,* 165 NY 1, 7). The use of the disjunctive "or" in the statute indicates an alternative manner of proceeding—a choice of penalties (see *McSweeney v Bazinet,* 269 App Div 213, affd 295 NY 797). This sense of the statutory scheme is reinforced by notice in the statute of an ascending rank of severity, beginning with a reprimand and ending with a dismissal. Moreover, in other cases where the Legislature intended cumulative penalties, it expressly so stipulated (see, e.g., Education Law, § 2590-j, subd 7, par [a]; Penal Law, § 60.01, subd 2, par [c]; subd 3; § 70.00, subd 4; § 80.05, subd 5). Hence, the choice of the penalty to be imposed should be made by the respondent, upon remand, either as a suspension, or as a fine (cf. *Matter of Thompson v Lent,* 59 AD2d 636). The respondent should, of course, be mindful that the

punishment should not be out of proportion to the offense. The petitioner points out that the suspension for the period embraced by the instant penalty would amount to a loss of approximately $18,000. We are certain that all aspects of the matter will be examined by the respondent in order to reach a just and condign punishment. Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.