■ In the Matter of ESTHER LINFIELD, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered February 14, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination made by the Commissioner of Education of the State of New York. Petitioner, a tenured teacher, had charges of incompetent and inefficient service preferred against her. A hearing was held on the specific charges that petitioner failed to properly maintain and control the discipline of her class, that she employed improper and unsatisfactory teaching techniques, and that she failed to co-operate, accept and follow suggestions made by her supervisors. The trial examiner recommended that the charges be sustained and that petitioner's employment as a teacher be terminated. The board of education adopted these recommendations and terminated petitioner's employment. Petitioner appealed to the Commissioner of Education who sustained the board's action. An article 78 proceeding was thereafter commenced against the Commissioner of Education in which petitioner sought to have the commissioner's decision annulled or alternatively to have the penalty imposed declared excessive. The petition was dismissed and this appeal ensued. The test to be applied on this appeal is whether the commissioner's determination dismissing petitioner's appeal to him was arbitrary and capricious (Matter of Strongin v Nyquist, 44 NY2d 943). Petitioner's classes were observed and evaluated on six separate occasions during the spring 1973 semester. Based on the testimony of those observing petitioner's classes and considering the record in its entirety, it cannot be said that the commissioner's determination was without rational basis and, consequently, it must be upheld (Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). Although petitioner contends that the penalty imposed was excessive, said penalty cannot be set aside on such ground unless it is so clearly disproportionate to the offense as to be shocking to one's sense of fairness (Matter of Nino v Yonkers City School Dist., 43 NY2d 865). The conduct of petitioner in the present case does not involve an isolated incident as was the situation in Matter of Harris v Mechanicville Cent. School Dist. (45 NY2d 279). The charges herein indicate a general lack of teaching capabilities on the part of petitioner as observed on several occasions from February through June, 1973. As we recently stated in this court, discipline in schools is a matter of public concern and a board of education should be given latitude in determining the penalty to be imposed (Matter of Hatta v Board of Educ., 57 AD2d 1005). In our view, the penalty imposed should not be disturbed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., and Herlihy, JJ., concur; Mikoll, J., concurs in part and dissents in part in the following memorandum. Mikoll, J. (concurring in part and dissenting in part). I concur in the majority's opinion that there is substantial evidence in the record to justify the finding of the Commissioner of Education that petitioner was guilty of the charges of incompetent and inefficient service preferred against her. In consideration of the statement of the Court of Appeals in Matter of Pell v Board of Educ. (34 NY2d 222) on the standard to be applied in determining whether an administrative disciplinary penalty is excessive and an abuse of discretion, however, I conclude that the penalty imposed was so disproportionate to the offense, in light of all the circumstances, so as to be shocking to one's sense of fairness. The sanction imposed resulted in petitioner's discharge from her employment, loss of her teaching certificate and loss of valuable pension rights. Petitioner had taught five years at Richmond Hill prior to the 1972-

1973 school year, with satisfactory ratings and a fine record. She holds excellent educational credentials, including a doctoral degree. There is nothing in the record to indicate that she would be incompetent to perform adequately following less severe discipline and/or additional instruction. The difficulty inherent in supervising the type of classes she was assigned to and in which her performance was judged should also be considered in assessing the appropriate penalty. The observance of her performance was restricted to only two of her five classes. One of the classes observed five of the six times observations were made consisted of remedial students with serious learning disabilities. Petitioner was charged with teaching algebra to a class which was unable to master fourth grade arithmetic. The discipline problems in the class were in part a result of understandable student frustration in grasping the conceptual basics of algebra. The judgment should be modified by reducing the penalty to a six-month suspension and, as so modified, affirmed.