OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner’s argument — that the commissioner is bound by the factual findings of the hearing panel if supported by substantial evidence — is without merit. Subdivision 5 of section 3020-a of the Education Law provides that “[ejither the employee or the employing board may review the findings of the hearing panel * * * by appeal to the commissioner of education as provided for by article seven of this chapter”. Under article 7 of the Education Law, and in particular section 310 thereof, the Commissioner of Education is given broad authority in terms of reviewing determinations made within the educational system and that authority will not be overturned unless it is arbitrary, capricious or lacks support in the record (Matter of Chauvel v Nyquist, 43 NY2d 48, 52).
Arguably the issues presented to the commissioner on appeals in disputes between boards of education as employers and teachers as employees could be distinguished in *703 kind from the broader issues of educational policy customarily confronted in other appeals pursuant to section 310. No such distinction, however, had been made in appeals taken to the commissioner prior to the amendment of section 3020-a by chapter 82 of the Laws of 1977. Accordingly, it cannot be concluded that, when the Legislature by that amendment expressly conferred the right to section 310 appeals from the findings of section 3020-a hearing panels, it intended in any way to restrict what had been the commissioner’s broad scope of review.
In the present case the commissioner was fully justified in finding that petitioner had knowingly exhibited a pornographic film to his students. The testimony of three of the witnesses clearly establishes this fact, and the hearing panel offered no explanation for its rejection of that portion of their testimony. Under the circumstances, nothing prevented the commissioner from rejecting the panel’s finding as to petitioner’s knowledge of the film and imposing the sanction of dismissal.
The petitioner’s constitutional question was not presented in the petition and thus is not properly before this court (Matter of Mingo v Pirnie, 55 NY2d 1019).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Judgment affirmed, with costs, in a memorandum.