■ In the Matter of ALFRED O. KUHNLE, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a resettled judgment of the Supreme Court at Special Term (Conway, J.), entered January 25, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul two determinations of the Commissioner of Education which (1) dismissed petitioner's appeal from a decision of a hearing panel concerning a charge against petitioner of unauthorized absence from his teaching duties, and (2) denied petitioner's application to reopen the commissioner's first decision. Petitioner, a tenured teacher, was found guilty by a hearing panel, pursuant to section 3020-a of the Education Law, of absence from his teaching duties without authorization for a three-month period in 1979. The Commissioner of Education dismissed petitioner's appeal and sustained the findings and recommendations of the hearing panel, and thereafter denied petitioner's application for reopening of the decision. Petitioner then brought an article 78 proceeding to annul the commissioner's decisions which was dismissed by Special Term, and this appeal followed. While we would agree that the panel's decision is

inartfully drawn, on reading it as a whole it is clear that the panel found that petitioner was guilty of the charged unauthorized absence and that a dismissal would be the appropriate penalty. The panel further found that petitioner claimed to have an application for a disability pension pending before the New York City Teachers Retirement Board. Therefore, since a pension is forfeited if the applicant has already been dismissed for cause, the panel "delay[ed] implementation of its recommendations until September 1, 1980" in order to give petitioner an opportunity before the retirement board to save any pension rights he might have. Thus, the panel's determination was dismissal with a stay. Petitioner erroneously claims that this decision relies on facts which were not part of the record, i.e., what the retirement board's action on his alleged application would be. The panel's decision twice plainly states that whatever the retirement board might decide concerning petitioner's pension would not affect the panel's determination that petitioner was guilty of the charges and should be dismissed. The panel merely wanted to try to save petitioner's pension rights by giving him a stay of the penalty of dismissal for the specific purpose of permitting the completion of the retirement board action that he claimed was pending. Whatever the pension determination, it would not in any way affect the ultimate imposition of the panel's disposition of dismissal. Petitioner also erroneously contends that the panel assessed multiple penalties against him in violation of subdivision 4 of section 3020-a of the Education Law. The panel clearly determined that petitioner should be dismissed, effective either (1) once the retirement board acted, either favorably or disfavorably, upon his alleged application, or (2) as of September 1, 1980, in the event no application was pending before the retirement board. Apparently petitioner is suggesting that the panel's further recommendation of suspension without pay pending the retirement board's determination constitutes a second penalty. Obviously, however, this suspension was only intended to prevent petitioner from receiving pay or benefits during the stay of his dismissal; in other words, the purpose of the stay was solely to allow retirement board action, but not to allow pay and other benefits to accrue. Petitioner erroneously relies on *Matter of Adrian v Board of Educ.* (60 AD2d 840) in which the petitioner had been penalized with both a fine and a suspension without pay. In the instant case, rather than two penalties, petitioner received one penalty (dismissal) and one benefit (a stay, but of the dismissal only, and not of the termination of pay and benefits). We find that the decision of the commissioner was not arbitrary, capricious, an abuse of discretion, or in violation of the law, and therefore it must be sustained (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.