■ In the Matter of BEVERLY DUNNIGAN, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered May 9, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of the Commissioner of Education dismissing petitioner from her employment as a tenured teacher.

In May, 1981, respondent Ramapo Central School District in Rockland County preferred charges of, *inter alia,* incompetence and insubordination against petitioner. After extensive hearings, a hearing panel determined that petitioner was guilty of the charges. The penalty assessed by a majority of the panel was a suspension without pay for the spring 1983 school term. The majority cited petitioner's alcoholism as a mitigating factor in determining what penalty should be assessed.

The district appealed the panel's decision to respondent Commissioner of Education. On a review of the record, the commissioner found that, while alcoholism may have affected petitioner's teaching performance, other factors were also involved. Among the factors the commissioner considered significant were uncontradicted evidence that petitioner had indeed committed the violations charged, testimony of petitioner that she deliberately chose not to implement directives of her employer, and evidence that petitioner could perform satisfactorily if she chose to. On this basis, the commissioner sustained the district's appeal and granted it authority to dismiss petitioner.

Petitioner commenced the instant CPLR article 78 proceeding seeking review of the commissioner's determination. Special Term dismissed the petition and this appeal ensued.

On this appeal, petitioner challenges the penalty imposed by the commissioner and not the finding that she was guilty of the charges. The gravamen of petitioner's argument is that the commissioner failed to give the fact of petitioner's alcoholism sufficient weight as a mitigating factor in assessing the penalty.

In this regard, we note that the commissioner's review powers over findings of a hearing panel are broad (*Matter of Shurgin v Ambach,* 56 NY2d 700, 702) and, with respect to the penalty to

be imposed, he may substitute his own judgment for that of the panel (*Matter of Levyn v Ambach,* 56 NY2d 912, 914). Concomitantly, this court has a limited role in reviewing decisions of the commissioner. Specifically, the test is whether the commissioner's determination was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803, subd 3; see *Matter of Conley v Ambach,* 61 NY2d 685, 687). Although presenting a sympathetic case for petitioner, a review of the record in light of the above principles compels an affirmance.

Petitioner's argument that the commissioner discriminated against her in violation of the Human Rights Law on the basis of her alcoholism must also be rejected. The commissioner specifically based his determination on factors other than petitioner's alcoholism. The judgment must be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.