■ In the Matter of DAIN F. FAVILLE, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Harvey, J.

Petitioner was a tenured elementary school teacher for 10 years when, in June 1981, respondent Board of Education of the Poland Central School District (School Board) found probable cause to prefer charges against him. He was charged with incompetence and neglect of duty. Petitioner requested a hearing on these charges pursuant to Education Law § 3020-a. Extensive hearings followed. Although the panel concluded that the School Board failed to prove many of the specifications against petitioner, it unanimously sustained the charges of incompetence and neglect of duty. The panel suspended petitioner for one year without pay.

In February 1983, the School Board appealed this decision to respondent Commissioner of Education, asserting that the penalty imposed was too lenient and that the panel's dismissal of certain of the specifications was improper. Petitioner did not appeal the panel's decision. He did, however, serve an answer in which he claimed that the panel's decision should either be affirmed or his suspension modified as too severe.

In September 1984, after petitioner had served his suspension and returned to teaching, the Commissioner issued his decision. He found that the panel's dismissal of some of the charges against petitioner was unwarranted and further noted that neither party contested the finding that petitioner was guilty of incompetence and neglect of duty. The Commissioner concluded that dismissal rather than suspension was the appropriate penalty. Petitioner then commenced this CPLR article 78 proceeding, asserting that the Commissioner's decision was arbitrary and that a double penalty had been imposed on him. Special Term dismissed petitioner's application and this appeal ensued.

Petitioner contends that the Commissioner's decision to

authorize dismissal, rather than merely suspension, was arbitrary and capricious. The Commissioner's review powers are broad and include the power to substitute his judgment for that of the panel *(Matter of Dunnigan v Ambach,* 107 AD2d 961, *lv denied* 65 NY2d 602). This court's role in reviewing decisions of the Commissioner is limited to determining whether the decision is arbitrary and capricious *(Matter of Strongin v Nyquist,* 44 NY2d 943, 945). Here, the record reveals serious deficiencies in petitioner's performance as a teacher. For example, petitioner's class was observed on numerous occasions when he exhibited an inability to control the class; he was often tardy; he prepared lesson plans which were disorganized and illegible; the pace of his classes was slow and he failed to cover the material established in the curriculum schedule. The Commissioner reviewed petitioner's deficiencies and determined that the appropriate penalty was dismissal. In light of the findings of incompetency, we cannot conclude that this decision was arbitrary and capricious *(see, Matter of Linfield v Nyquist,* 65 AD2d 846, *affd* 48 NY2d 1005).

Petitioner next argues that the Commissioner's decision to change his penalty from suspension to dismissal constituted a double penalty. This argument must be rejected since to "prohibit the commissioner from imposing a different penalty than that recommended by the hearing panel would preclude him from exercising his well-established authority to review the hearing panel's recommended penalty" *(Matter of Swike v Ambach,* 85 AD2d 847, 848, *lv denied* 56 NY2d 505).

Petitioner's further contention that the Commissioner's delay in rendering his decision caused the penalty imposed to be arbitrary and capricious is devoid of merit. The paramount concern is whether the teacher is fit to carry on his professional responsibilities *(Matter of Bott v Board of Educ.,* 41 NY2d 265, 268). Although the Commissioner's lengthy delay cannot be condoned, it does not provide a basis to reinstate a teacher found to be incompetent.

Petitioner's contention that he is entitled to receive his salary for the year in which he was suspended without pay was not raised below and thus is precluded from appellate review *(see, Sidoti v State of New York,* 115 AD2d 202, 204).

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.