■ In the Matter of MARY McSWEENEY, Petitioner, v BOARD OF EDUCATION OF JOHNSBURG CENTRAL SCHOOL DISTRICT, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Warren County) to review a determination of respondent which, *inter alia,* found petitioner guilty of disciplinary charges under Education Law § 3020-a.

On or about September 9, 1985, petitioner, an elementary school teacher employed by Johnsburg Central School District in Warren County, was charged with several instances of unprofessional conduct. The charges were preferred by respondent, the Board of Education of Johnsburg Central School District (hereinafter the Board). Subsequent to petitioner's request for a hearing, a Hearing Panel was appointed to hear the charges pursuant to Education Law § 3020-a. Prior to and during the course of the hearing, in response to two motions made by petitioner, the Hearing Panel dismissed several of the charges and certain others were withdrawn by the Board. As a result, five charges remained and, after the final day of the hearing on these charges, the Hearing Panel issued its determination. It found petitioner guilty of 3 of the charges and dismissed the remaining 2. The Hearing Panel recommended that petitioner be reprimanded for her misconduct and that she be suspended from her teaching duties without pay for the fall 1987 term. Petitioner was then notified by the Board that it had adopted the Hearing Panel's recommendations. Petitioner then commenced the instant CPLR article 78 proceeding which was transferred to this court.

We turn first to the Board's claim that the Hearing Panel, the State Office of Employee Relations and the State Department of Education were necessary parties to the instant proceeding. CPLR 1001 (a) sets forth the criteria in determining what parties are required to be joined in a proceeding. Under the statute, parties who should be joined are classified into those who ought to be joined if complete relief is to be accorded between those who are parties and those who might be inequitably affected by a judgment in the proceeding *(Mat-*

*ter of Sandor v Nyquist,* 45 AD2d 122, 123). Notwithstanding the involvement of the unnamed parties in the instant case in the conduct and administration of the hearing pursuant to their duties under Education Law § 3020-a, these parties were not necessary to a complete resolution of the case and they will not be inequitably affected by any possible judgment *(see, Matter of Zubal v Ambach,* 103 AD2d 927, 929; *Matter of Jerry v Board of Educ.,* 44 AD2d 198, 205, *mod on other grounds* 35 NY2d 534). Since an effective judgment could be rendered without these parties, it was not required that they be joined before the proceeding could go forward.

Turning next to petitioner's claim that the finding of guilt on three of the charges was not supported by substantial evidence, we note that our review is limited and we can neither weigh the evidence on the record nor substitute our judgment for that of the Hearing Panel *(see, Matter of Fitzpatrick v Board of Educ.,* 96 AD2d 557, 558, *lv denied* 61 NY2d 607). We conclude that here there was "such relevant proof as a reasonable mind [could] accept as adequate" to support the Hearing Panel's finding of guilt *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). The determination was based primarily on the assessment of the credibility of the witnesses and we cannot substitute our judgment for that of the Hearing Panel in assessing the weight to be accorded to various witnesses' testimony *(see, Altsheler v Board of Educ.,* 62 NY2d 656, 657; *Matter of Adrian v Bd. of Educ.,* 60 AD2d 840). Therefore, we find that the determination of guilt should be upheld in its entirety.

For its part, the Board contends that the Hearing Panel erred in its dismissal of certain of the charges. Two of the charges were dismissed in the Hearing Panel's April 1987 determination after the hearing had been concluded. Petitioner was notified of the Board's acceptance of this determination by a letter dated May 12, 1987. The other charges cited by the Board were dismissed in a decision by the Hearing Panel dated July 15, 1986, in response to petitioner's second motion to dismiss. The July 15, 1986 dismissal occurred after two days of the hearing had been held, but prior to the final two days of the hearing. Contrary to petitioner's argument, we do not find the objection to the July 15, 1986 determination to have been untimely. Education Law § 3020-a sets forth the method for appealing a Hearing Panel's decision: "Either the employee or the employing board may review the findings of the hearing panel either by appeal to the commissioner of education * * * or by a special proceeding under [CPLR art

78]. The hearing panel's determination shall be deemed final for the purpose of such proceeding" (Education Law § 3020-a [5]). In our view, the decision of the Hearing Panel was therefore not "final and binding" (CPLR 217) until the conclusion of the entire hearing process. Nevertheless, addressing the merits of the Board's claim, we find that, as with the other charges, the crucial issue was the credibility of the witnesses and the Hearing Panel's recommendation discloses that its determination was based on a thorough assessment of the various witnesses' testimony. It was, therefore, supported by substantial evidence.

We also reject petitioner's argument that the penalties imposed by the Board were excessive. Upon our review of the record, we cannot say that the sanctions imposed were so disproportionate to the offense in the view of the circumstances that they could be said to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Katz v Ambach, 99 AD2d 897). For the same reasons, we also reject the Board's argument that the Hearing Panel should have imposed the harsher sanction of dismissal. However, we do agree with petitioner's argument that the imposition of two penalties was improper. Education Law § 3020-a (4) provides that the penalty shall consist "of a reprimand, a fine, suspension for a fixed time without pay or dismissal". Given the wording of the statute, the Hearing Panel was required to choose only one of the penalties (see, Matter of Adrian v Board of Educ., 60 AD2d 840, supra; cf., Matter of Kuhnle v Ambach, 91 AD2d 779, 780). No remittal, however, is necessary (cf., Matter of Adrian v Board of Educ., supra) in view of the fact that petitioner's suspension has already been effected. Therefore, we find that the penalty of a letter of reprimand should be lifted.

Determination modified, without costs, by annulling so much thereof as imposed the penalty of a letter of reprimand, and, as so modified, confirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.