■ In the Matter of BOARD OF EDUCATION OF THE HYDE PARK CENTRAL SCHOOL DISTRICT, Appellant, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered September 16, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education suspending respondent John Ruhland from his teaching position for one year without pay.

Respondent John Ruhland is a tenured elementary school teacher who has been employed by petitioner for more than 18 years. On May 21 and 22, 1985, Ruhland administered to his fifth grade class a writing test for the New York State elementary schools, an essay test given as part of the State Education Department's pupil evaluation program to discover children needing remedial reading help. On the first day, students were required to write a composition "telling about a person you know who is special to you". On the second day, each student was to pretend that there was a magic carpet on the floor of his or her room and was asked to write a story "telling about an adventure you had with the magic carpet". Ruhland made certain remarks to his students on the day before each test regarding the nature of the examination and the general questions they could expect to see on the succeeding day's test. Based on such comments, charges of misconduct were brought against Ruhland.

A hearing was held and a Hearing Panel found him guilty of the misconduct charges and issued a penalty of three months' suspension without pay. Upon appeal to respondent Commissioner of Education, petitioner contended that dismissal, not suspension, was the only appropriate remedy for Ruhland's misconduct. Although the Commissioner found that the determination of the Hearing Panel "must be set aside because the penalty imposed is disproportionately lenient in

light of the proven misconduct", he opined that he was not persuaded that the dismissal from employment sought by petitioner was an appropriate penalty in this case. The Commissioner concluded that "Ruhland's conduct was highly inappropriate, but appears to be an isolated instance in which [he] exercised extremely poor judgment in a misguided attempt to allay the fears of his students regarding the writing test". The Commissioner increased the penalty from three months' suspension without pay to a suspension of one year without pay, with credit for the initial three months already served.

Petitioner then commenced this CPLR article 78 proceeding challenging the Commissioner's decision on the ground that dismissal from employment was the appropriate penalty for Ruhland's misconduct and that the penalty imposed was disproportionately lenient for the offense proven. Supreme Court dismissed the petition and confirmed the determination of the Commissioner. This appeal by petitioner ensued.

The Commissioner has broad review powers over the findings of teacher disciplinary Hearing Panels *(Matter of Shurgin v Ambach,* 56 NY2d 700, 702; *Matter of Dunnigan v Ambach,* 107 AD2d 961, *lv denied* 65 NY2d 602), including the power to substitute his judgment for that of a Hearing Panel with respect to the penalty to be imposed *(Matter of Levyn v Ambach,* 56 NY2d 912, 914). The judicial role in reviewing such a penalty determination is limited to determining whether the Commissioner's decision is arbitrary and capricious, was affected by an error of law or constitutes an abuse of discretion *(Matter of Shurgin v Ambach, supra; Matter of Strongin v Nyquist,* 44 NY2d 943, 945, *appeal dismissed and cert denied* 440 US 901; *Matter of Faville v Ambach,* 124 AD2d 367, 368, *lv denied* 69 NY2d 611).

We find no merit to petitioner's contention that the Commissioner's determination is arbitrary and capricious and violative of the principal enunciated in *Matter of Field Delivery Serv. (Roberts)* (66 NY2d 516) because it is allegedly inconsistent with the Commissioner's prior decision in *Matter of Board of Educ. v Carangelo* (25 Ed Dept Rep 99 [1985], *confirmed sub nom. Matter of Carangelo v Ambach,* Sup Ct, Albany County, Mar. 27, 1986 [Hughes, J.], *affd* 130 AD2d 898, *lv denied* 70 NY2d 609) and offers no explanation for not following such precedent. The case of *Matter of Board of Educ. v Carangelo (supra)* is factually distinguishable from this case and, therefore, there is no inconsistency with prior agency precedent. Also, contrary to petitioner's contention, there is no inconsistency with the decision in this case and

that in *Altsheler v Board of Educ.* (62 NY2d 656, *revg* 83 AD2d 568). In *Altsheler,* the Court of Appeals reversed a decision of this court wherein we substituted our judgment for that of the teacher disciplinary Hearing Panel and dismissed charges against the petitioner based upon her improper disclosure of vocabulary words appearing on the Stanford Achievement Test. Although the Court of Appeals determined that there was substantial evidence to support the panel's finding of guilt, neither the Court of Appeals nor this court discussed the appropriateness of the penalty imposed by the Hearing Panel. Hence, *Altsheler* does not represent a judicial determination that dismissal from employment is the appropriate penalty for disclosure of test questions by a teacher, as petitioner suggests.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.