In the Matter of H. DAVID CARGILL, Respondent, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Appellants.

Third Department, February 14, 1991

## APPEARANCES OF COUNSEL

*Lizette A. Cantres (Elizabeth Russell Koepcke* of counsel), for Thomas Sobol, appellant.

*Stakel, Suttell, Found, Rybak & Earl (Kevin D. Earl* of counsel), for Board of Education of Batavia City School District, appellant.

*Bernard F. Ashe (Emanuel Tabachnick* and *Rocco A. Solimando* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

On January 20, 1987 petitioner, a tenured elementary school teacher employed by Batavia City School District in Genesee County, was charged pursuant to Education Law § 3020-a with two separate charges of insubordination and conduct unbecoming a teacher by respondent Board of Education of the Batavia City School District. These charges stemmed from an incident which occurred on January 8, 1987 when petitioner allegedly used unnecessary physical force upon a student. After probable cause was found by the Board of Education, a hearing was held before a three-member Hearing Panel. At the hearing, a number of witnesses presented the same basic story with only minor variations.

Apparently at one point that day, a sixth-grade student in petitioner's class began disrupting the class by misbehaving. When verbal warnings and a direction to the student to sit in the back of the classroom had no effect, petitioner began writing a hall pass to send the student from the room. At that point the student further disrupted the class by making faces and gestures behind petitioner's back. Petitioner told the student to go to the door. After a series of vulgar expressions, the student began walking to the door ignoring petitioner as he spoke. Petitioner went up to the student, grabbed him by the shoulders or neck and turned him around; then, as found by respondent Commissioner of Education, petitioner pushed the student into the chalkboard.

Following the hearing, a majority of the Hearing Panel found petitioner guilty of both charges by a preponderance of

the evidence.* The Hearing Panel recommended a fine of $20,000 to be deducted from petitioner's pay in $400 installments over 50 pay periods. Petitioner thereafter appealed to the Commissioner, contending that the Hearing Panel's determination of guilt was unsupported by the record and that the penalty imposed was excessive. The Board of Education cross-appealed, seeking authorization to terminate petitioner's employment. The Commissioner affirmed the Hearing Panel's findings of guilt but ordered the penalty annulled, substituting instead a one-year suspension without pay. Petitioner then commenced this CPLR article 78 proceeding to challenge the Commissioner's determination. Supreme Court granted the petition and annulled the determination on the merits. This appeal by respondents followed.

Initially, we reject respondents' contention that Supreme Court did not apply the appropriate standard of review in examining this case. When a teacher challenges a decision of a teacher disciplinary hearing panel, the teacher can proceed in either one of two ways. The teacher can immediately bring a CPLR article 78 proceeding, in which case the hearing panel's determination is reviewed using a substantial evidence standard (CPLR 7803 [4]; *see, e.g., Matter of McSweeney v Board of Educ.,* 138 AD2d 847, 848). Alternatively, the disciplined teacher can appeal to the Commissioner of Education and the appeal is governed by the principles and procedures generally applied to the Commissioner's appellate jurisdiction under Education Law article 7 *(see, e.g., Matter of Levyn v Ambach,* 56 NY2d 912, 914; *Matter of Ellis v Ambach,* 124 AD2d 854, 855, *lv denied* 69 NY2d 606). In this latter case, "[t]he judicial role in reviewing such a penalty determination is limited to determining whether the Commissioner's decision is arbitrary and capricious, was affected by an error of law or constitutes an abuse of discretion" *(Matter of Board of Educ. v Ambach,* 142 AD2d 869, 870; *see,* CPLR 7803 [3]; *Matter of Ellis v Ambach, supra,* at 855).

In the case at bar, it is apparent that Supreme Court correctly applied the arbitrary and capricious standard (rather than the substantial evidence test) in annulling the Commissioner's determination. The confusion on this point appears to stem from the fact that the court also found it necessary to discuss the conclusions reached by the Hearing Panel and

---

* One member of the Hearing Panel dissented and filed a separate opinion.

mentioned substantial evidence in that context, even though it was the Commissioner's decision that was being reviewed by the court and not that of the Hearing Panel *(see, Matter of Strongin v Nyquist,* 44 NY2d 943, 945, *appeal dismissed, cert denied* 440 US 901; *Matter of Chapin v Board of Educ.,* 291 NY 241, 244, 245). While such a discussion may not have been strictly necessary, it does not alter the fact that Supreme Court applied the appropriate standard in reviewing the Commissioner's determination.

Turning to the merits, it is our view that Supreme Court erred in finding the Commissioner's determination of petitioner's guilt to be arbitrary and capricious. The Board of Education's policy on corporal punishment is modeled upon the Commissioner's regulations. Pursuant to those regulations, "[n]o teacher, administrator, officer, employee or agent of a school district * * * shall use corporal punishment against a pupil" (8 NYCRR 19.5 [a]). Both the Board of Education's policy No. 521 and the Commissioner's regulations define corporal punishment as "any act of physical force upon a pupil for the purpose of punishing that pupil" (8 NYCRR 19.5 [b]). The regulations and policy of the Board of Education permit the use of reasonable force under certain limited circumstances *(see,* 8 NYCRR 19.5 [c]).

In affirming the Hearing Panel's finding of guilt in this matter, the Commissioner stated: "Petitioner admits that he grabbed the student and that he probably could have caused the red marks on the student's shoulders. While petitioner's initial response seems justified and within the bounds of the board policy [relating to corporal punishment], it is his further action of pushing the student against the chalkboard that was both unnecessary and unjustified in light of the circumstances." From these remarks it is apparent that the Commissioner based his finding of guilt not on petitioner's action in grabbing the student, but on the additional aggressive act of "pushing" the student against the chalkboard. Unlike the Hearing Panel, the Commissioner chose to view this targeted conduct in a more serious light and obviously considered this unnecessary additional act as the point where petitioner's conduct crossed over the line of what is acceptable under such circumstances and used force as punishment. Contrary to the statement of Supreme Court, the hearing record does include testimony, including that from the student involved, that directly or indirectly substantiates that the separate act of pushing the student into the chalkboard did occur. Since the

Commissioner's determination of guilt based on this and other evidence in the record is rational, it is beyond our power to overturn such determination *(see, Matter of Shurgin v Ambach,* 56 NY2d 700, 702). Accordingly, Supreme Court's contrary conclusion must be reversed.

Finally, with respect to the penalty imposed by the Commissioner, it is our view that the penalty of suspension was not " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364; *see, Matter of McSweeney v Board of Educ.,* 138 AD2d 847, 849, *supra).* Although petitioner has a fine record as a teacher, the Commissioner was entitled to take into account petitioner's prior conviction on Education Law § 3020-a charges for use of unnecessary physical force against a student. Further, the Commissioner was entitled to give little weight to the fact that the Hearing Panel's original penalty allowed petitioner to remain in the classroom *(see, Matter of Ellis v Ambach, supra,* at 857).

MAHONEY, P. J., WEISS, YESAWICH, JR., and CREW III, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed.