■ In the Matter of RACHEL LAND, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Education which found petitioner guilty of misconduct and suspended her from teaching for two years.

Petitioner was a tenured speech teacher with the New York City public school system during 1985 to 1987. She was charged with 16 specific factual instances of unprofessional conduct, 11 charges stemming from the 1985-1986 school year and five charges from the 1986-1987 school year. The charges included failing to give scheduled lessons to some students, failing to give lessons for the full scheduled period to some students, failing to adhere to a schedule (tardiness in picking up students from their classrooms) and failing to timely submit various administrative forms.

After a hearing held pursuant to Education Law § 3020-a, the Hearing Panel specifically found that 11 of the charges were supported by the evidence and two were not so supported. No findings were made on the three remaining charges. The Panel recommended a six-month suspension without pay.

Respondent Board of Education of the City of New York (hereinafter the Board) appealed this decision to respondent Commissioner of Education seeking, among other things, termination of petitioner's employment. Petitioner answered, seeking dismissal of the appeal and affirmation or reduction of the Panel's recommended suspension. The Commissioner found 14 of the 16 charges to be established by sufficient proof and imposed a two-year suspension without pay. Petitioner commenced this CPLR article 78 proceeding to annul that determination.

This appeal brings up several issues for our consideration. Respondents contend that petitioner's CPLR article 78 challenge is time barred in that petitioner failed to appeal the Panel's decision within four months of receiving notice of the determination (see, CPLR 217) or by way of a direct appeal to the Commissioner as provided by Education Law § 3020-a (5) (see, Matter of Cargill v Sobol, 165 AD2d 131). We conclude that petitioner preserved her right to challenge the Panel's factual findings by filing a verified answer to the Board's appeal to the Commissioner which contained affirmative defenses. Such procedure complied with the spirit of the law allowing for the Commissioner's review (see, Education Law §§ 3020-a, 310; 8 NYCRR 275.1 et seq.). Petitioner then timely sought review of the Commissioner's determination by way of this proceeding.*

* This proceeding was transferred to this court pursuant to CPLR 7804 (g) because petitioner alleged that the Commissioner's determination lacked substantial evidence. The standard of review is "arbitrary and capricious"

Petitioner contends that her due process rights were violated because the notice of charges did not specify the Federal and State laws allegedly violated. We find that petitioner was adequately advised of the nature of the offending conduct. Petitioner did not claim lack of adequate notice, surprise or prejudice at the hearing. We note that she had 4½ months to prepare her defense. This late claim of inadequate notice is legally deficient and controverted by the record *(see, A-1 Check Cashing Serv. v Goodman,* 148 AD2d 482).

Petitioner also challenges the determination on the ground that it is arbitrary and capricious and the penalty imposed is disproportionate to the offense charged. The standard of judicial review of the Commissioner's determination in a teacher disciplinary proceeding "is limited to determining whether the Commissioner's decision is arbitrary and capricious, was affected by error of law or constitutes an abuse of discretion" *(Matter of Board of Educ. v Ambach,* 142 AD2d 869, 870; *see, Matter of Cargill v Sobol, supra,* at 135). We find that there is sufficient evidence in the record to rationally support the determination that petitioner was guilty of 14 charges as found by the Commissioner. The conflicting testimony between petitioner's and the Board's witnesses were resolved by the fact finder and should not be disturbed by this court *(see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979, 981).

As to petitioner's contention relating to the penalty imposed, we cannot say that the penalty is such as to shock one's sense of fairness because it is disproportionate to the offense in light of all the circumstances *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234). We cannot concur with petitioner's contention that her derelictions were isolated instances of misconduct causing no harm. Her repeated failure to perform her duties, her violation of directives from supervisors stressing the necessity of compliance, her interference with the Board's ability to comply with Federal and State mandates, and her admitted failure to provide required instruction to handicapped children are serious. The penalty imposed was therefore appropriate under the circumstances.

Mahoney, P. J., Casey, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.

---

*(see,* CPLR 7803 [3]) in this proceeding. For judicial economy, we opt to retain this matter and resolve the case nonetheless *(see, e.g., Matter of Christopher v Phillips,* 160 AD2d 1165, 1167, *lv denied* 76 NY2d 706; *cf., Matter of Shurgin v Ambach,* 83 AD2d 665, *affd* 56 NY2d 700).