■ In the Matter of RICHARD J. MEYER, Petitioner, v BOARD OF EDUCATION OF THE CHARLOTTE VALLEY CENTRAL SCHOOL DISTRICT et al., Respondents.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Education of the Charlotte Valley Central School District which, *inter alia*, found petitioner guilty of failing to provide comprehensive weekly lesson plans.

Petitioner, a tenured high school science teacher employed by the Charlotte Valley Central School District in Delaware County, was charged with five counts of failing to prepare proper lesson plans and with one count of improperly storing chemicals within the school building where he taught. It was alleged that petitioner's actions constituted, *inter alia*, insubordination, inefficiency and conduct unbecoming a teacher *(see,* Education Law § 3012 [2] [a], [b]). After a hearing was held pursuant to Education Law § 3020-a, a majority of the Hearing Panel found petitioner guilty of the lesson plan violations and fined him $8,000, payable in 26 biweekly installments. The Hearing Panel unanimously found petitioner not guilty of the improper storage of chemicals charge. Petitioner opted to commence this proceeding pursuant to CPLR article 78 and Education Law § 3020-a (5) to review the determination. Petitioner alleged that the conduct of the members of the Hearing Panel during the deliberative process denied him a fair and impartial hearing, that the guilty determination was not supported by substantial evidence in the record and that the penalty imposed was excessive.

Initially, petitioner contends that after the close of the hearing, Willis Vermilya, the dissenting member of the Hearing Panel, was unduly pressured by another member to join the majority report. We begin with the premise that while no panelist should surrender honest convictions about the weight or effect of evidence solely because of the opinion of other panelists or for the purpose of returning a unanimous deci-

sion, panelists have a duty to consult with one another with a view toward reaching an agreement, but only in good conscience. Vermilya characterized a suggested compromise in which the panelists would agree to reexamine and modify their original opinions as an attempt to "coerce" or "blackmail" him. We cannot agree. The deliberative efforts described here involved a proposed compromise and did not rise to the level of bias, partiality or other impropriety or misconduct on the part of the Hearing Panel, nor does Vermilya's assertion indicate the presence of corruption or fraud which would justify annulment of the decision (see, Matter of Conley v Ambach, 61 NY2d 685, 687; see also, Matter of Goldfinger v Lisker, 68 NY2d 225, 231). The return of the majority of the Hearing Panel to the original proposed determination following the rebuff of an attempt to reach a unanimous consensus cannot be characterized as arbitrary, capricious or an abuse of discretion. Absent evidence showing a violation of a lawful procedure or an error of law, further analysis of quasi-judicial deliberative considerations is beyond judicial scrutiny.

Similarly unavailing is petitioner's next contention that the determination is not supported by substantial evidence in the record. Contrary to his analysis, the record fully demonstrates that petitioner's lesson plans were seriously deficient despite repeated counseling directives and offers of assistance made to him over an extended period of time (see, Matter of Cargill v Sobol, 165 AD2d 131, 133, lv denied 78 NY2d 854). The record shows that petitioner was well aware of the displeasure of the school district with the inadequacies of his lesson plans and the interrelated concerns about his teaching effectiveness and classroom performance, as well as how the deficiencies could be rectified and how his lesson plans could be improved.

Petitioner's further contention that the penalty is excessive is similarly unpersuasive. Formal lesson plans play a vital role in the proper functioning of a classroom teacher. Such proper planning is indispensable to effective teaching. Petitioner had a duty to follow the instructions of his superiors which he virtually ignored despite exhaustive and long term efforts on the part of the school district to remedy the problem. Nor were these transgressions isolated or insignificant. His substandard performance remained unremedied and undeterred despite full awareness of the problems, and his cavalier attitude about this problem was clearly expressed in the record. Viewed in this light, we find the $8,000 fine payable in installments over a year neither disproportionate

to the offense nor shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Finally, the petition should have been dismissed against respondent Commissioner of Education because he neither participated in the proceedings nor had any substantive role in the matter. His presence was not necessary for complete resolution of this matter and, even if petitioner had prevailed, no relief has been requested against the Commissioner, who will not be inequitably affected by any possible judgment *(see, Matter of McSweeney v Board of Educ.,* 138 AD2d 847, 847-848).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.