■ In the Matter of GLENN M. NEWMAN, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of

New York, Respondent. [649 NYS2d 67] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 16, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating petitioner's employment as a tenured elementary school teacher.

Petitioner, a tenured elementary school teacher with Community School District No. 17 of the City of New York (hereinafter the District), was served with a statement of charges on March 19, 1992 alleging that during the 1991-1992 school year he was "insubordinate, used excessive force and/or corporal punishment upon his students, and otherwise engaged in conduct unbecoming his position", as set forth under specifications A and B. Subsequently, petitioner was found not guilty as to specification A which allegedly occurred on October 21, 1991 but guilty as to specification B, which charged that "[d]espite prior warnings not to engage in the use of force upon students, on or about November 14, 1991, in classroom 5-107, [petitioner] struck student A.B., causing injury to his eye".

During hearings on the allegations held between May 27, 1992 and February 18, 1993 the parties stipulated that prior disciplinary charges against petitioner had been dismissed and agreed that the panel would disregard any testimony regarding "prior discipline or discipline allegations". The parties also stipulated that petitioner received written and oral warnings that he was not to use excessive force or engage in corporal punishment against students. The Hearing Panel found that petitioner "was indeed carrying out a preconceived plan to again be relieved of his classroom duties so he could once more sit at the District Office," that petitioner's conduct in regard to student A.B. constituted "serious misconduct" and recommended that his employment be terminated. On administrative appeal, respondent declined to substitute his judgment for that of the Hearing Panel on matters of credibility, upheld the panel's determination and dismissed petitioner's appeal. Respondent further found that the charges were sufficiently substantial and sufficiently substantiated as to warrant petitioner's dismissal.

Petitioner then commenced this CPLR article 78 proceeding to annul respondent's affirmance of the Hearing Panel's determination and, alternatively, to annul the penalty of dismissal. Supreme Court ruled that petitioner failed to show that the determination was arbitrary and capricious and dismissed the petition. This appeal ensued.

Supreme Court properly found that respondent's determina-

tion has not been shown to be arbitrary, capricious or affected by an error of law or to constitute an abuse of discretion and that the penalty imposed was not unduly harsh or excessive (*see, Matter of Land v Commissioner of Educ. of State of N. Y.*, 174 AD2d 927, 929; *Matter of Board of Educ. v Ambach*, 142 AD2d 869, 870; *see also, Matter of Cargill v Sobol*, 165 AD2d 131, 133-134, *lv denied* 78 NY2d 854). It is respondent's decision upon the administrative appeal that is to be reviewed here (*see, Matter of Strongin v Nyquist*, 44 NY2d 943, 945, *cert denied* 440 US 901) and, as it is not without rational basis, it will be upheld (*supra*, at 945).

A.B. testified before the Hearing Panel that, as he was leaving the classroom to go to the bathroom, petitioner was standing in the doorway with his back to the class. There were approximately 12 inches between petitioner and the doorway, and as A.B. attempted to pass through the doorway petitioner said, "Hold on." A.B. moved back but petitioner struck him in the right eye with an elbow. A.B. stated further that he started to cry and went to the principal's office alone where an ice pack was applied to his eye. A.B.'s testimony was corroborated by that of acting principal Raymond Miller who testified that A.B. came into his office crying and "very, very upset", with swelling of the eye. Miller said that A.B. told him that petitioner elbowed him in the eye. Miller also testified that he did not allow A.B. to return to petitioner's class.

Robert Restivo, the District's director of personnel, testified, *inter alia*, that in April 1991 petitioner stated that "when it comes to a teacher against a student, who are they going to believe [in a disciplinary hearing]". Restivo also stated that petitioner demonstrated how he holds his elbows and remarked that it is not his fault that students periodically walk into his arms. However, petitioner testified that A.B. ran into his elbow trying to get out the door. Thus, the Hearing Panel's determination is largely based on the credibility of the witnesses.

Petitioner's four arguments concerning "a preconceived plan", raised under points I through IV of his brief for the first time in this proceeding, are untimely and have been waived. Thus, this Court will not address those arguments (*see, Matter of Granger & Sons v State of New York Facilities Dev. Corp.*, 207 AD2d 596, 598).

Petitioner's argument that the penalty of dismissal from his employment was arbitrary and capricious because it was founded on an unproven "preconceived plan" lacks merit. Restivo's testimony, as well as that of A.B., amply supported the conclusion that petitioner's acts were intentional. The penalty

imposed was not unduly harsh and excessive nor shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). We have considered petitioner's other assertions of error and find them without merit.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.