■ In the Matter of TIMOTHY MACFARLANE, Respondent-Appellant, v VILLAGE OF SCOTIA, Appellant-Respondent. [710 NYS2d 686] —Mugglin, J. Cross appeals from a judgment of the Supreme Court (Lynch, J.), entered March 24, 1999 in Schenectady County, which, *inter alia*, partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, challenging the penalty imposed by respondent as an abuse of discretion.

When this case was previously before us, we confirmed findings of guilt with respect to the majority of charges brought against petitioner by respondent and remitted the matter to respondent for the purpose of reconsidering the penalty, finding the original penalty to be unduly harsh and excessive and expressing our opinion that a reprimand was a sufficient penalty under the circumstances (241 AD2d 574, 576, *appeal dismissed* 90 NY2d 1008). Notwithstanding our opinion, respondent reimposed the original penalty. When petitioner challenged this penalty in a CPLR article 78 proceeding, Supreme Court vacated the penalty and directed, *inter alia*, that respondent place a written reprimand in petitioner's permanent file. Both parties now appeal. Petitioner contends that no penalty should be imposed and that Supreme Court's decision regarding a written reprimand constitutes an abuse of discretion. Respondent asserts that Supreme Court's decision is infirm since it did not find that the penalty imposed by respondent was "shocking to one's sense of fairness" and that, in any event, reimposition of the original 10-day suspension is not so shocking to one's sense of fairness as to require vacatur.

We affirm. Preliminarily, we observe that our prior determination that imposition of a 10-day suspension without pay was unduly harsh and clearly excessive constitutes the law of the case. Although we did not employ the phrase " 'shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234), it is abundantly clear that this Court determined that the penalty was disproportionate to the misconduct of petitioner (*see, id.*, at 234-235). This determination was made after a careful assessment of the offending conduct and its impact on respondent's police force, balanced against petitioner's unblemished service record. The terms

"unduly harsh" and "clearly excessive" convey our finding that the penalty imposed was disproportionate to the offense and, thus, shocking to one's sense of fairness (*see, Matter of Newman v Sobol*, 232 AD2d 828, 830-831; *Matter of Gottesman v New York State Dept. of Health*, 229 AD2d 742, 744; *Matter of Singla v New York State Dept. of Health*, 229 AD2d 798, 799, *lv denied* 89 NY2d 809; *Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 825). Thus, Supreme Court appropriately found that reimposition of a 10-day suspension without pay was impermissible.

It is beyond dispute that Supreme Court is vested with the necessary power to determine the penalty to be imposed when the original penalty is found to constitute an abuse of discretion and where the record is sufficient for the reviewing court to assess the permissible punishment (*see, Matter of Pell v Board of Educ., supra*, at 234). Since the record is sufficiently clear, Supreme Court did not abuse its discretion in determining and imposing an appropriate penalty.

Crew III, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs to petitioner.